UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DECARLO MITCHELL, II,

    Plaintiff,

v.                                           Case No. 3:23cv19274-LC-HTC

OFFICER BETZWORTH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Decarlo Mitchell, II, proceeding *pro se*, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983, ECF Doc. 1, and a motion to proceed *in forma pauperis*, ECF Doc. 2. On July 20, 2023, the Court granted Plaintiff's motion and ordered him to pay an initial partial filing fee of $45.86. ECF Doc. 4. The July 20 Order expressly warned Plaintiff that his failure to comply with it could result in a recommendation of dismissal. *Id.* at 4. However, Plaintiff failed to pay the initial partial filing fee, and on September 6, 2023, the Court issued a show cause order, giving him fourteen (14) additional days to comply with the July 20 Order or show cause why the case should not be dismissed. ECF Doc. 7. Plaintiff did not respond to the September 6 show cause order.

Plaintiff was also repeatedly advised by the Court that he must file a notice of change of address within seven (7) days of such a change and he has also failed to comply with that order. *See* ECF Doc. 3, 4, 5-1, 7. Namely, when Plaintiff filed this action he was incarcerated at the Escambia County Jail. However, on August 7, 2023, the Court's Notice to Pro Se Litigant, was returned undeliverable. ECF Doc. 5. Thus, as a matter of courtesy, the clerk identified Plaintiff as being incarcerated at Blackwater River Correctional Facility ("BRCF") and forwarded the returned mail to Plaintiff at BRCF. ECF Doc. 5-1. The clerk also provided Plaintiff with a notice of change of address form and directed him to complete and return it. *Id.* To date, however, Plaintiff has not notified the Court of his change of address.[1] Indeed, Plaintiff has not filed anything with the Court since more than two months ago when he submitted his initial complaint and *in forma pauperis* motion.

Based on the foregoing, dismissal of this case is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (citations omitted); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under

---

[1] Out of an abundance of caution, the clerk also resent a copy of the Court's July 20 Order to Plaintiff at BRCF, and sent a copy of the Court's September 6, 2023, show cause order to that institution as well.

[Federal Rule of Civil Procedure 41(b)] for failure to prosecute or failure to obey a court order.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of September, 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.